REBECCA H. S. KNISELY

v.

WILLIAM L. SAMPSON.

*Filed at Ottawa November 10, 1881.*

1. PRESUMPTION—*as to the date of a note.* The law presumes that a note was executed on the day it bears date, and such presumption prevails until overcome by proof.

2. EVIDENCE—*burden of proof.* On a bill in chancery to set aside a judgment on a note, on the ground the note was given before the law authorized the complainant, a married woman, to execute such a contract, the note being dated on the day the law authorizing her to make contracts of that character took effect, the burden of proof rests upon the complainant to establish the allegations in her bill by a preponderance of evidence.

3. NEW TRIAL—*on the evidence—in chancery.* Where the evidence upon a vital question of fact is conflicting and pretty evenly balanced, this court will not disturb the finding of the court below, which has superior facilities for judging of the credibility of the witnesses on an oral examination in court.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. WILLIAM H. BARNUM, Judge, presiding.

Mr. FRANK J. SMITH, for the plaintiff in error, reviewed and commented on the evidence at considerable length, as showing that the note and power of attorney in which Mrs. Knisely joined were in fact executed on June 30, 1874, and not on July 1, 1874, the day of their date, and consequently they were void as to her, she being a married woman, and incapable of making a binding contract of the kind, citing *Schmidt* v. *Postel,* 63 Ill. 58; *Thomas* v. *Lowry,* 60 id. 512; *Dyer* v. *Kelly,* 75 id. 574; *Taylor* v. *Boardman,* 92 id. 566; *Kohn* v. *Russell,* 91 id. 138.

574 KNISELY *v.* SAMPSON. [Nov.

Brief for the Defendant in Error. Opinion of the Court.

Mr. DAVID FALES, for the defendant in error:

It devolved upon the complainant to establish her claim to relief by a satisfactory preponderance of evidence. It was not sufficient after so great a lapse of time to create some doubt as to whether the note was made on the day it bears date. She must overcome the presumption of law that the note was made and delivered on the day of its date.

As the witnesses were all examined orally before the court below, there is the same necessity that exists on a trial by jury that the errors in finding as to fact shall be clear and palpable, to authorize a reversal. *Coari* v. *Nelson*, 91 Ill. 275.

There is not only no clear and palpable evidence showing error, but the evidence of complainant largely corroborates the evidence of the defendant that the note was made on the day it bears date.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill in equity, brought by Rebecca H. S. Knisely, to set aside a judgment recovered against her by William L. Sampson, October, 1874, upon a judgment note dated July 1, 1874. The bill was filed August 22, 1876, but summons was not taken out against the defendant until in February, 1879. The circuit court, upon final hearing, dismissed the bill. On appeal to the Appellate Court for the First District the decree was affirmed, and the record is brought here on writ of error to reverse this order of affirmance.

The bill sets up that the note and judgment were void as to the complainant, for the reason that the note was without any consideration beneficial to her, and was executed June 30, 1874, before she had power, as a married woman, to bind herself as a mere surety for her husband. The statute enacting that contracts may be made and liabilities incurred by a wife, and the same be enforced against her the same as if she

were unmarried, did not go in force until July 1, 1874. The note was given to take up a previous judgment note, signed by the complainant and her husband, for an indebtedness of his, dated May 1, 1872.

Aside from the question of *laches*, there is but the one question presented in this case, of fact, whether the note in question was made on July 1, 1874, or on June 30, 1874.

The note bears date July 1, 1874. The complainant and her husband, who are the only witnesses in support of the bill, testify positively that the note was made on June 30, and dated July 1, at the suggestion of Sampson that that would make it more convenient in the computation of interest. On the other hand, Sampson, and an attorney, whom he consulted during the transaction of giving the note, in regard to its form, testify likewise positively that the note was given on July 1.

Counsel for plaintiff in error comments with much force upon the circumstances which appear in the case going to show that the witnesses in support of the bill could not have been mistaken in their testimony, and therefore insists that it is entitled to superior weight and is the more credible, and should be accepted as the true statement of the time of giving the note. We have, in this respect, carefully examined the testimony, and considered the comments upon it, and without reviewing the evidence of the circumstances affecting the credibility of the witnesses, we will say that upon the whole case we do not think it is one where we should interpose to disturb the decree which has been rendered, on the ground of an erroneous determination of this question of fact. We may remark, as favoring this view, that it was incumbent on complainant to establish her bill by a preponderance of evidence. On the hearing, all the witnesses were orally examined in open court, and the circuit judge had thus superior means of judging of the credibility of the witnesses to those we possess from the inspection of their tes-

timony as presented to us on paper. It is an important circumstance in aid of the testimony of defendant's witnesses that the note bears date July 1. It is the presumption of law that the note was made the day it bears date. This presumption had to be overcome.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*